FILED
2009 Jan-29 PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES PIERCE FARRIS, JR., | ] | |
| | ] | |
| Appellant/Debtor, | ] | |
| | ] | |
| v. | ] | 2:08-CV-02199-LSC |
| | ] | |
| AIR GAS, INC, | ] | |
| | ] | |
| Appellee. | ] | |

MEMORANDUM OF OPINION

The Court has for consideration a "motion to dismiss appeal" (Doc. 3), which was filed by the appellee, Air Gas, Inc. ("Appellee"), in the Bankruptcy Court for the Northern District of Alabama, on November 21, 2008, and transferred to this Court with Charles Farris's *pro se* Notice of Appeal (Doc. 1) on November 24, 2008.  Appellee argues that Farris' notice of appeal is untimely pursuant to Federal Bankruptcy Rule 8002.  Farris has since filed a "motion to dismiss" Appellee's motion to dismiss. (Doc. 4.)

Farris appeals to this Court from the bankruptcy court's order on objections to discharge and complaints to determine dischargeability of

debts; that order was entered on September 30, 2008.  Farris filed his notice of appeal on October 22, 2008.   "Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides that a notice of appeal must be filed 'within 10 days of the date of the entry of the judgment, order, or decree appealed from.'"  *In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000).  Therefore, Farris' notice of appeal is clearly untimely.

In his "motion to dismiss" Appellee's motion to dismiss, Farris references his *pro se* status and claims he did not receive the bankruptcy court's order on September 30, 2008, because the mail service in the jail where he resides is "not reliable."  (Doc. 4 at 2.)  This argument is irrelevant.  The appeals period begins from the date the bankruptcy court entered its order—not from the date it is served or received by a party.[1]  *Id.* at 1297 n.3 (citing *In re Arbunkle*, 988 F.2d 29, 31 (5th Cir. 1993)).

Provisions are available, however, for a party wishing to extend the time for filing a notice of appeal.  "A request to extend the time for filing

---

[1] The Court also notes that Farris was not unrepresented by counsel on the date the bankruptcy court issued its order.  Farris filed a motion to dismiss his attorney on October 9, 2008.  Following Farris' request to delay a hearing on the issue, the bankruptcy court granted the motion on December 19, 2008.

a notice of appeal must be made by written motion filed [with the bankruptcy court] before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." *Id*. at 1297 (quoting Fed. R. Bankr. 8002(c)).  Farris did not file a motion to extend the time for filing his appeal, and this Court is not permitted to construe Ferris' late notice of appeal as such a motion. "By its terms, Rule 8002(c)(2) requires that a *motion* for extension of time be filed." *Id*. (emphasis in original).  And, the Eleventh Circuit Court of Appeals has held, with regard to *pro se* appellants:

> Our case law establishes the following two relevant rules for *pro se* appellants: (1) in criminal cases, we treat a late notice of appeal as a motion for extension of time due to excusable neglect under Rule 4(b) [of the Federal Rules of Appellate Procedure] and remand the case to the district court; and (2) in civil cases, we refuse to treat a late notice of appeal as a motion for extension of time due to excusable neglect under Rule 4(a)(5) and accordingly dismiss the appeal.

*Id.* (quoting *Sanders v. United States*, 113 F.3d 184, 186-87 (11th Cir. 1997)). Because Federal Bankruptcy Rule 8002 "is an adaptation of Federal Rule of Appellate Procedure 4(a)," *id.*, the same logic applies.

"[T]imely filing of a notice of appeal is mandatory and jurisdictional." *Id.* at 1298. Thus, for the reasons stated above, Appellee's motion to dismiss will be granted, and Farris' "motion to dismiss" the motion to dismiss will be denied. A separate order will be entered.

Done this 29th day of January 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297